IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HARRISON JAMES LARGO,

     Petitioner,

v.                                    No. CV 13-590 LH/LAM

JAMES JANECKA, et al.,

     Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Petitioner's 28 U.S.C. § 2254 habeas corpus petition [*Doc. 1*] and brief in support of the petition [*Doc. 2*], both filed June 24, 2013.   Petitioner is incarcerated and proceeding *pro se*.   Respondents filed their answer to the § 2254 petition on August 1, 2013 [*Doc. 10*], and Petitioner filed his reply on August 19, 2013 [*Doc. 12*]. United States District Judge C. LeRoy Hansen referred the claims raised in the petition to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 4*].   Having considered the parties' submissions, relevant law, and the record in this case, the undersigned recommends, for the reasons set forth below, that the claims raised in Petitioner's 28 U.S.C. § 2254 habeas corpus petition [*Doc. 1*] be **DENIED** because they are without merit, and that this case be **DISMISSED with prejudice**.

---

[1] **Within fourteen (14) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition.   A party must file any objections with the Clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.   If no objections are filed, no appellate review will be allowed.   Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

Because the issues in this case can be resolved on the record before the Court, the Court **FINDS** that an evidentiary hearing is unnecessary. *See Anderson v. Attorney General of Kansas*, 425 F.3d 853, 858-59 (10th Cir. 2005) (evidentiary hearing unnecessary if § 2254 habeas claim can be resolved on the record).

In his Petition, Petitioner claims that his constitutional rights were violated for the following alleged reasons:

**Ground One**: Petitioner's counsel in his state case was ineffective for:

a. failing to oppose the inclusion of a certain person as a member of the jury;

b. failing to object to the alleged abandonment of state procedure for jury selection;

c. failing to investigate extreme intoxication as a complete defense to first degree murder;

d. failing to consult with or retain an expert to explain the effect of intoxication on the formation of specific intent; and

e. failing to object to improper closing statements by the prosecution (*Doc. 1* at 5-6) and (*Doc. 2* at 8-21);

**Ground Two**: The prosecutors in Petitioner's state case engaged in misconduct (*Doc. 1* at 7-9) and (*Doc. 2* at 22-24);

**Ground Three**: The trial court erred regarding the inclusion of a certain person as a member of the jury (*Doc. 1* at 10) and (*Doc. 2* at 25);

**Ground Four**: Petitioner's appellate counsel was ineffective by failing to raise certain issues on appeal (*Doc. 1* at 11) and (*Doc. 2* at 26-27);

**Ground Five**: Certain out-of-court statements should not have been admitted because they violated Petitioner's right to confront his accuser (*Doc. 1* at 14) and (*Doc. 2* at 28-36);

**Ground Six**: Certain out-of-court statements should not have been admitted because they were inadmissible hearsay (Ground Six) (*Doc. 1* at 15) and (*Doc. 2* at 36-43); and

**Ground Seven**: The evidence presented to the jury was insufficient to convict Petitioner (*Doc. 1* at 16) and (*Doc. 2* at 43-45).

Petitioner asks that the Court vacate his convictions and order a new trial.   [*Doc. 1* at 19] and [*Doc. 2* at 46].

## *I.   Procedural Background*

On July 10, 2009, a jury found Petitioner guilty of First Degree Murder (Willful and Deliberate), in violation of N.M.S.A. 1978 § 30-2-1(A)(1), a first degree felony and Tampering with Evidence (Capital Crime or First or Second Degree Felony), a third degree felony, in violation of N.M.S.A. 1978 § 30-22-5.   [*Doc. 10-1*, Exhibit A at 1].   On August 19, 2009, Petitioner was sentenced to life imprisonment, followed by two years of parole, on Count 1, and three years, followed by two years of parole, on Count 2, with his sentences to be served consecutively.   *Id.* at 2.   On October 21, 2009, Petitioner appealed his conviction to the New Mexico Supreme Court[2] (*Doc. 10-1*, Exhibits B and C), and, on May 21, 2012, the New Mexico Supreme Court issued an Opinion affirming Petitioner's conviction (*Doc. 10-2*, Exhibit K).   On October 3, 2012, Petitioner filed a petition for writ of habeas corpus in the state district court (*id.*, Exhibit M), and the state district court entered an order denying the petition on February 27, 2013 (*id.*, Exhibit N).   On March 25, 2013, Petitioner filed a petition for writ of certiorari with the New Mexico Supreme Court regarding the denial of his habeas corpus petition.   [*Doc. 10-3*,

---

[2] An appeal from a sentence of life imprisonment is taken directly to the New Mexico Supreme Court. NMRA Rule 12-102(A)(1).

Exhibit Q].   On April 17, 2013, the New Mexico Supreme Court denied Petitioner's petition for writ of certiorari.  *Id.*, Exhibit R.  On June 24, 2013, Petitioner filed his petition for federal habeas relief in this Court, initiating this proceeding.   [*Doc. 1*].

## *II.   Petitioner's Section 2254 Claims*

As previously stated, in his Petition Petitioner claims that his constitutional rights were violated for the following alleged reasons:

**Ground One**: Petitioner's counsel in his state case was ineffective for:

a.      failing to oppose the inclusion of a certain person as a member of the jury;

b.      failing to object to the alleged abandonment of state procedure for jury selection;

c.      failing to investigate extreme intoxication as a complete defense to first degree murder;

d.      failing to consult with or retain an expert to explain the effect of intoxication on the formation of specific intent; and

e.      failing to object to improper closing statements by the prosecution (*Doc. 1* at 5-6) and (*Doc. 2* at 8-21);

**Ground Two**: The prosecutors in Petitioner's state case engaged in misconduct (*Doc. 1* at 7-9) and (*Doc. 2* at 22-24);

**Ground Three**: The trial court erred regarding the inclusion of a certain person as a member of the jury (*Doc. 1* at 10) and (*Doc. 2* at 25);

**Ground Four**: Petitioner's appellate counsel was ineffective by failing to raise certain issues on appeal (*Doc. 1* at 11) and (*Doc. 2* at 26-27);

**Ground Five**: Certain out-of-court statements should not have been admitted because they violated Petitioner's right to confront his accuser (*Doc. 1* at 14) and (*Doc. 2* at 28-36);

**Ground Six**: Certain out-of-court statements should not have been admitted because they were inadmissible hearsay (Ground Six) (*Doc. 1* at 15) and (*Doc. 2* at 36-43); and

**Ground Seven**: The evidence presented to the jury was insufficient to convict Petitioner (*Doc. 1* at 16) and (*Doc. 2* at 43-45).

In response, Respondents state that they do not dispute that Petitioner has exhausted his available state-court remedies as to all of his claims.   [*Doc. 10* at 8-9].   Respondents, however, contend that the Petition should be dismissed because Petitioner fails to show that the state court proceedings either resulted in a decision that was contrary to, or involved an unreasonable application of, federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.   *Id.* at 9-31.   Respondents, therefore, ask the Court to dismiss the Petition with prejudice.   *Id.* at 32.

### III.   *Exhaustion of State Court Remedies*

A state prisoner must generally exhaust available state court remedies before a federal court can consider the prisoner's habeas petition under 28 U.S.C. § 2254.   *See* 28 U.S.C. § 2254(b)(1)(A); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002).   The exhaustion requirement is considered satisfied "if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (citation omitted). Respondents state that Petitioner has exhausted the claims raised in Grounds One through Four by raising them in his state habeas petition and in his petition for writ of certiorari to the New Mexico

Supreme Court (*Doc. 10* at 9-10, citing *Doc. 10-2*, Exhibit M and *Doc. 10-3*, Exhibit Q), and has exhausted the claims raised in Grounds Five through Seven by raising those claims in his direct appeal to the New Mexico Supreme Court (*Doc. 10* at 10, citing *Doc. 10-1*, Exhibit G).   The Court agrees that Petitioner's claims have been exhausted because they were raised either on direct appeal or in Petitioner's state petition for habeas corpus, and all of the claims were raised before the New Mexico Supreme Court.   [*See Doc. 10-2*, Exhibit M, *Doc. 10-3*, Exhibit Q, and *Doc. 10-1*, Exhibit G].   The Court will, therefore, proceed to consider Petitioner's claims on the merits.[3]

## IV.   Standard of Review

The provisions of 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 (hereinafter, "AEDPA"), govern this case.   The Court cannot grant Petitioner habeas relief pursuant to 28 U.S.C. § 2254(d) unless the decision in his state court proceeding (1) is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) is "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   28 U.S.C. §§ 2254(d)(1)–(2).   The United States Supreme Court has construed these statutory provisions, and established rules for applying them, in a series of cases decided since the enactment of AEDPA.   *See, e.g., Wright v. Van Patten*, 552 U.S. 120 (2008); *Fry v. Pliler*, 551 U.S. 112 (2007); *Bell v. Cone*, 543 U.S. 447 (2005) (per curiam); *Mitchell v. Esparza*, 540 U.S. 12 (2003) (per curiam); *Wiggins v. Smith*, 539 U.S. 510 (2003); *Lockyer v. Andrade*, 538 U.S. 63 (2003); *Woodford v. Visciotti*, 537 U.S. 19 (2002) (per curiam); *Early v.*

---

[3] While Respondents address Petitioner's claims out of the order in which he presents them, by starting with those claims raised on direct appeal (Grounds Five, Six and Seven) (*see Doc. 10* at 12-20), the Court will address Petitioner's claims in the order in which he presents them for ease of reference to the Petition and Brief in Support of the Petition (*Docs. 1* and *2*).

-6-

*Packer*, 537 U.S. 3 (2002) (per curiam); *Ramdass v. Angelone*, 530 U.S. 156 (2000); *Williams v. Taylor*, 529 U.S. 362 (2000).

The phrase "clearly established Federal law, as determined by the Supreme Court of the United States" in 28 U.S.C. § 2254(d)(1), "'refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision.'" *Lockyer*, 538 U.S. at 71 (quoting *Williams*, 529 U.S. at 412).

Under 28 U.S.C. § 2254(d)(1), a state court decision is "contrary to" United States Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law." *Williams*, 529 U.S. at 413.   A state court decision is also "contrary to" Supreme Court precedent "if the state court decides [the] case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Id.*   However, a state court decision is not "contrary to" Supreme Court precedent "simply because the court did not cite [Supreme Court] opinions.   [A] state court need not even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" *Mitchell*, 540 U.S. at 16 (quoting *Early*, 537 U.S. at 8).   *See also Woodford*, 537 U.S. at 24 (noting presumption that state courts know and follow the law); *Miller v. Mullin*, 354 F.3d 1288, 1292-93 (10th Cir. 2004) (AEDPA applicable notwithstanding state court's failure to cite or discuss federal case law).

Under 28 U.S.C. § 2254(d)(1), a state court decision involves an "unreasonable application" of Supreme Court precedent if it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413.   However, "a federal habeas court may not issue

[a writ of habeas corpus] simply because [it] concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Lockyer*, 538 U.S. at 75-76 (internal quotations and citations omitted). "Rather, that application must be objectively unreasonable." *Id.* at 76. A state court cannot be said to have "unreasonabl[y] appli[ed] clearly established Federal law," under 28 U.S.C. § 2254(d)(1), if no Supreme Court decision provides a clear answer to a question presented in the state court. *See Wright*, 552 U.S. at 126 (citing *Carey v. Musladin*, 549 U.S. 70, 77 (2006)).

The deferential AEDPA standard of review applies to habeas claims that were adjudicated on the merits in state court proceedings. *See* 28 U.S.C. § 2254(d). Indeed, a state court need not even discuss the federal law applicable to a claim in order for AEDPA standards to apply. So long as the state court does not dismiss a claim on procedural grounds, a federal court applies the AEDPA standards regardless of whether there is any reasoning supporting the "decision." *See Cook v. McKune*, 323 F.3d 825, 830–31 (10th Cir. 2003); *see also Chadwick v. Janecka*, 312 F.3d 597, 606 (3d Cir. 2002) (discussing that in *Weeks v. Angelone*, 528 U.S. 225 (2000), the Supreme Court applied AEDPA standards of review to a claim the state court dismissed summarily without any explanation of how it reached its decision). Moreover, if a state court's decision does not conflict with the reasoning or the holdings of Supreme Court precedent, the decision is not "contrary to" such precedent under 28 U.S.C. §2254(d)(1) simply because the federal court holds a different view where Supreme Court precedent "is, at best, ambiguous." *Mitchell,* 540 U.S. at 17. If a state court decides a claim on the merits in summary fashion, the AEDPA standards still apply, but the focus is on the state court's results rather than any reasoning. *See Stevens v. Ortiz*, 465 F.3d 1229, 1235 (10th Cir. 2006).

Under 28 U.S.C. §§ 2254(d)(2) and (e)(1), a state court decision is based on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" only if it is shown by "clear and convincing evidence" that the factual finding is incorrect.  *See Wiggins*, 539 U.S. at 528.

### V.   Analysis

### A.   Ineffective Assistance of Trial Counsel (Ground One)

Petitioner contends that his trial counsel was ineffective because his trial counsel: (a) improperly failed to oppose the inclusion of a certain person as a member of the jury;[4] (b) failed to object to the alleged abandonment of procedure set forth in NMRA Rule 5-606(B); (c) failed to investigate extreme intoxication as a complete defense to first degree murder; (d) failed to consult with or retain an expert to explain the effect of intoxication on the formation of specific intent; and (e) failed to object to improper closing statements by the prosecution.  [*Doc. 1* at 5-6] and [*Doc. 2* at 8-21].  In response, Respondents state that sub-claim (b) is not cognizable in a federal habeas proceeding because, under this sub-claim, Petitioner challenges a state procedural rule, not a violation of federal rights.  [*Doc. 10* at 20-21] (citing *Bullock v. Carver*, 297 F.3d 1036, 1055 (10th Cir. 2002)).  Respondents further state that Petitioner fails to meet the standard to prevail on his other ineffective assistance of counsel sub-claims.  [*Doc. 10* at 21-25].

In evaluating an ineffective assistance of counsel claim, an attorney's performance is measured by the two-prong standard established by the Supreme Court in *Strickland v. Washington*.  466 U.S. 668 (1984).  To prevail on an ineffective assistance claim under the *Strickland* standard, Petitioner must show that (a) his attorney's performance fell below

---

[4] Petitioner states that this juror's last name is "Dubie" (*Doc. 1* at 5), while Respondents refer to his last name as "Dube" (*Doc. 10* at 20).  Because the trial transcript refers to him as "Mr. Dubie" (*Doc. 11-1* at 44), the Court will use that spelling herein.

an objective standard of reasonableness, and (b) he was prejudiced by the attorney's deficient performance.  *Id.* at 687-88.  Both showings must be made to satisfy the *Strickland* standard. *Id.* at 687.  To demonstrate unreasonable performance, Petitioner must show that his attorney made errors so serious that his performance could not be considered "reasonable[] under prevailing professional norms."  *Id.* at 688.  To demonstrate prejudice, Petitioner must show a reasonable probability, sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different but for his attorney's alleged unprofessional errors.  *Id.* at 694.  The Court begins with the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  *Id.* at 689 (citation and internal quotation marks omitted).  The Court does not have to address both prongs of the *Strickland* standard if Petitioner makes an insufficient showing on one of the prongs.  *Id.* at 697.

### *1.  Inclusion of Juror*

The Court finds that Petitioner's claim that his trial counsel should have opposed the inclusion of Mr. Dubie as a juror because Mr. Dubie had a recent experience with the murder of a family member, was opposed to gun ownership, and was a doctor (*see Doc. 2* at 9), is without merit.  A petitioner may prevail on an ineffective assistance of counsel claim based on counsel's failure to attempt to remove from the jury an individual who has been established on voir dire to be biased, but, "[t]o show that a juror was biased, [the] petitioner must show more than that the juror had a preconceived notion of guilt; he must show that the juror had such a fixed opinion that he or she could not judge impartially."  *Tafoya v. Tansy*, No. 00-2049, 9 Fed. Appx. 862, 871,

2001 WL 557971 (10th Cir. May 24, 2001) (unpublished) (citation and internal quotation marks omitted). Here, Mr. Dubie stated during voir dire that he would "be able to listen to the evidence and make a judgment based on the evidence that [he] hear[s]." [*Doc. 11-1* at 44-45]. Thus, Petitioner's counsel was not ineffective for failing to try to remove this juror. *See Tafoya*, 9 Fed. Appx. at 871 (finding that, because the jurors at issue stated that they could still be impartial despite their alleged biases, the petitioner's counsel was not ineffective for failing to try to remove them). Petitioner has failed to show that Mr. Dubie could not be impartial, and "[m]ere speculation regarding the possibility of inappropriate juror bias is not sufficient to meet the prejudice prong under *Strickland*." *Id.* (citation omitted). The Court, therefore, recommends that this claim be denied.

### *2.  State Procedural Rule*

The Court also finds that Petitioner's claim that his counsel was ineffective for failing to object to the alleged abandonment of the procedure set forth in NMRA Rule 5-606(B) is without merit. Rule 5-606(B) explains the procedure for challenging jurors under the New Mexico Rules of Criminal Procedure by providing that "the state shall accept or make any peremptory challenge as to each juror before the defense is called upon to accept or make a peremptory challenge as the juror." Petitioner claims that his counsel failed to object when this   procedure was not followed. *See* [*Doc. 1* at 5-6] and [*Doc. 2* at 10-11]. The transcript of Petitioner's trial does not include a recitation of the peremptory challenges made by counsel for either the State or Petitioner's counsel. *See* [*Doc. 11-1* at 103-104] (indicating that the Court went into recess before conducting the peremptory challenges and then the recording picked up again with the selection of the jurors). Petitioner raised this claim in his state habeas petition, and the State District Court stated in its

order denying the state habeas petition that "Page 104 of the trial transcript is incomplete; however, the audio of the proceedings clearly indicates that the proper procedure was followed in selecting Juror Number One."   [*Doc. 10-2*, Exhibit N].   While the audio of the proceedings is not before this Court, the Court finds that it is unnecessary to listen to the audio because Petitioner's claim fails even if the state procedural rule was abandoned.   First, Petitioner's claim that his counsel failed to object to the alleged violation of this rule is not cognizable in a federal habeas proceeding because this claim does not allege a violation of Petitioner's federal constitutional rights.   *See Bullock*, 297 F.3d at 1055 (explaining that "[g]enerally speaking, a state court's misapplication of its own evidentiary rules . . . is insufficient to grant [federal] habeas relief) (citation omitted), and *Anderson v. Champion*, No. 96-7110, 117 F.3d 1428, 1997 WL 383187, at *2 (10th Cir. July 11, 1997) (unpublished) (explaining that an allegation that a state court violated its procedural rules is not a cognizable issue under § 2254 because it does not allege a violation of federal constitutional rights).   In addition, Petitioner fails to show how his counsel's failure to object to the alleged abandonment of this state procedural rule resulted in prejudice to Petitioner. Petitioner claims that he was prejudiced because the alleged failure to follow this procedure resulted in the seating of Mr. Dubie as a juror but, as explained in Section V.A.1. above, there was no error by Petitioner's counsel to not object to the inclusion of Mr. Dubie as a juror because Mr. Dubie stated that he could be impartial.   Therefore, the Court finds that there was no prejudice to Petitioner by his counsel's alleged ineffectiveness, and the Court recommends that this claim be denied.

### 3. *Investigation Regarding Intoxication Defense*

Next, the Court finds that Petitioner's claims that his counsel was ineffective for failing to investigate, and talk to and retain an expert regarding intoxication as a complete defense to the charge of willful and deliberate murder are without merit.  Petitioner's claims rest on his speculation that such investigation and expert testimony would have aided his defense.  *See* [*Doc. 2* at 13-15].   However, Petitioner fails to show that there is a reasonable probability that such an investigation would have been fruitful, or that his counsel's consultation with an expert would have altered the outcome of his case.   "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments."  *Strickland*, 466 U.S. at 691.   In addition, Petitioner has the burden of establishing that his counsel's decision concerning the presentation of expert testimony was not the product of a reasonable strategic choice.  *See Bullock*, 297 F.3d at 1047.   The Court, therefore, finds that Petitioner has failed to show that his counsel's decision not to investigate or consult an expert regarding an intoxication defense fell below an objective standard of reasonableness or resulted in prejudice to Petitioner.  *See also Nguyen v. Reynolds*, 131 F.3d 1340, 1349 (10th Cir. 1997) ("A strategic decision cannot be the basis for a claim of ineffective assistance unless counsel's decision is shown to be so ill chosen that it permeates the entire trial with obvious unfairness.").   The Court recommends that this claim be denied.

### 4. *Prosecution's Statements*

The Court also finds that Petitioner's claim that his trial counsel was ineffective for failing to object to allegedly improper statements made by the prosecution fails.   As more fully set forth below in Section V.B., the Court finds that the statements made by the prosecution were not

improper, or, even if they were improper, Petitioner has failed to show how he was prejudiced by them, so Petitioner's counsel was not ineffective for failing to object to the statements.   The Court, therefore, recommends that this claim be denied.

### B.   Prosecutorial Misconduct (Ground Two)

Petitioner next contends that the prosecutors in his state trial violated his federal constitutional rights by: (1) referring to the prosecutors' authority; (2) vouching for the credibility of the State's primary witness; (3) suggesting Petitioner was lying about his intoxication and advancing an impossible scenario to account for Petitioner's blood alcohol content level; and (4) appealing to the jury's sense of sympathy, outrage, and prejudice.   *See* [*Doc. 1* at 7-9] and [*Doc. 2* at 15-24].[5]   "[P]rosecutorial misconduct in a state court violates a defendant's right to a fair trial only if the prosecutor's actions 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"   *Nguyen*, 131 F.3d at 1358 (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1997); *see also Knapp v. Janecka*, No. 09-2001, 337 Fed.Appx. 766, 771, 2009 WL 2138422 at **3 (10th Cir. July 20, 2009) (unpublished) (citations and internal quotation marks and brackets omitted).   The Court finds that none of the prosecutors' statements to which Petitioner refers rise to the level of prosecutorial misconduct because, even if the Court were to find that they were improper, they do not amount to comments that would have resulted in an unfair trial.   *See Tillman v. Cook*, 215 F.3d 1116, 1129 (10th Cir. 2000) ("[N]ot every improper or unfair remark made by a prosecutor will amount to a federal constitutional deprivation.") (citation omitted); *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (stating that to warrant habeas relief, "it is not enough that the prosecutors' remarks were

---

[5] Petitioner states on page 22 of his Brief in Support of his Petition [*Doc. 2*] that the facts supporting his claim regarding his counsel's ineffectiveness in failing to object to the prosecutors' statements form the basis for his prosecutorial misconduct claim.

undesirable or even universally condemned," but "[t]he relevant question is whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process") (citations and internal quotation marks omitted).   The Court does not find that the prosecutors' statements that the prosecutor represents the State of New Mexico (*see Doc. 11-8* at 21 and 44), that the State's witness should be believed (*id.* at 39, 40, 42, and 44), the prosecutors' theory about Petitioner's blood alcohol content level (*id.* at 74), and the prosecutors' statements that Petitioner alleges appealed to the jury's sense of sympathy and outrage (*id.* at 17-18, 20, and 44) "plausibly could have tipped the scales in favor of the prosecution."   *Neill v. Gibson*, 278 F.3d 1044, 1061 (10th Cir. 2001) (citations and internal quotation marks omitted); *see also Miller v. Province*, No. 12-5185, 509 Fed Appx. 744, 747, 2013 WL 409968 (10th Cir. Feb. 4, 2013) (unpublished) (finding that there was no prosecutorial misconduct, even though the prosecutor made a "highly improper" comment that "clearly insinuated that the prosecutor had personal knowledge of guilt aside from hearing the trial evidence," because the petitioner failed to show that the remark deprived him of a fair trial or that he was prejudiced by his counsel's failure to object to it).

In addition, even if the prosecutors' statements regarding the State's witness could be considered to be improperly vouching for the witness' credibility, such statements were mitigated by the trial court's instructions to the jury that the jury "alone are the judges of the credibility of the witnesses and to the weight to be given to the testimony of each of them" (*Doc. 11-8* at 14), and that what is said in arguments by the lawyers "is not evidence" (*id.* at 16).   *See United States v. Broomfield*, 201 F.3d 1270, 1276-77 (10th Cir. 2000) (finding that the district court mitigated the impact of any improper vouching when it "repeatedly instructed the jurors that they were the sole

and exclusive judges" of witness credibility and that "the statements and arguments of counsel are not to be considered evidence in this case").   For these reasons, the Court recommends denying Petitioner's claim of prosecutorial misconduct.

### C.   Trial Court Error in Allowing Juror (Ground Three)

Petitioner next claims that the trial court erred by failing to follow the proper state procedure in allowing Mr. Dubie on the jury (*Doc. 1* at 10) and (*Doc. 2* at 25).   The Court addressed this issue in Section V.A.2. above when it considered Petitioner's claim that his trial counsel was ineffective for failing to object to the alleged abandonment of this state procedural rule in the jury selection process.   As the Court found above, Petitioner's claim regarding the alleged violation of this rule is not cognizable in a federal habeas proceeding because this claim does not allege a violation of Petitioner's federal constitutional rights.   *See Bullock*, 297 F.3d at 1055 (explaining that "[g]enerally speaking, a state court's misapplication of its own evidentiary rules . . . is insufficient to grant [federal] habeas relief), and *Anderson*, 117 F.3d at *2 (explaining that an allegation that a state court violated its procedural rules is not a cognizable issue under § 2254 because it does not allege a violation of federal constitutional rights).   The Court, therefore, recommends that Petitioner's claim that the trial court erred by allegedly violating the state procedures in his jury selection should be denied.

### D.   Ineffective Assistance of Appellate Counsel (Ground Four)

Petitioner contends that his appellate counsel was ineffective because he failed to develop the issues on appeal that he has raised in his Petition as Grounds One, Two and Three.   [*Doc. 1* at 11] and [*Doc. 2* at 26-27].   For Petitioner to prevail on this claim, he must show that there is a reasonable probability that the omitted claims would have resulted in a reversal on appeal.   *See*

*Neill v. Gibson*, 278 F.3d at 1057, n.5 (10th Cir. 2001).   As the Court has found above in Sections V.A., B., and C. that Petitioner's claims in Grounds One, Two and Three are without merit, the Court finds that Petitioner has failed to show that there is a reasonable probability that the claims would have resulted in a reversal on appeal.   The Court, therefore, recommends denying this claim as well.

### E.   Admission of Out-Of-Court Statements (Grounds Five and Six)

Petitioner next contends that certain out-of-court statements were improperly admitted into evidence in his state case because the statements violated Petitioner's right to confront his accuser (Ground Five) (*Doc. 1* at 14) and (*Doc. 2* at 28-36), and were inadmissible hearsay (Ground Six) (*Doc. 1* at 15) and (*Doc. 2* at 36-43).   Specifically, Petitioner objects to the admission of the 911 recording that was made to report the shooting of Ms. Frieda Smith and to summon emergency help, and the testimony of Deputy Marble who testified as to Ms. Smith's statements to him when he arrived on scene.   [*Doc. 1* at 14].   Petitioner contends that these statements violated his right to confront his accuser because: Ms. Smith did not make the statements contemporaneously as the events were occurring; there was no on-going emergency in respect to the shooting that had already taken place; the questions asked of Ms. Smith were designed to elicit information regarding past events; and the structure of the statements were testimonial.   [*Doc. 2* at 31-35]. Petitioner further contends that the statements do not fall into any of the exceptions to the hearsay rule because (1) they were not "dying declarations" because "the facts do not support a finding that Ms. Smith believed her death was imminent at the time she made the statements" (*id.* at 39); (2) they were not "excited utterances" because there is no "evidence that [Ms. Smith] still was under the 'domination' of stress created by the event when making the hearsay statement" (*id.*

at 41); and (3) they were not "present sense impressions" because "the State did not establish that Ms. Smith's accusations were substantially contemporaneous with the events she purported to describe" (*id.* at 42).

The New Mexico Supreme Court considered and rejected these arguments on Petitioner's direct appeal of his conviction.   [*Doc. 10-2*, Exhibit K].   The New Mexico Supreme Court, relying on the United States Supreme Court decision *Michigan v. Bryant*, 131 S. Ct. 1143 (2011), found that the out-of-court statements were admissible under the Confrontation Clause of the Sixth Amendment of the United States Constitution because they had a primary purpose of addressing an ongoing emergency, so they were nontestimonial and did not violate Petitioner's right to confrontation.   [*Doc. 10-2*, Exhibit K at 10-13].   In addition, the New Mexico Supreme Court found that the statements were properly admitted as a dying declaration exception to the State's hearsay rule, NMRA Rule 11-804(B)(2), because the trial court "considered the circumstances surrounding [Ms. Smith's] statements and reasonably inferred that she was aware of her current state and believed that her death was imminent."   *Id.* at 15.   The New Mexico Supreme Court noted that the trial court considered that Ms. Smith: "was shot multiple times[;] was lying on the ground in a near fetal position, bleeding, complaining of pain in the abdominal area, and experiencing shallow breaths[;] had urinated on herself and there appeared to be blood in her urine[;] tried to hold her torso up with her forearms but was unable[;] expressed concern for her children, and called out for her mother[; and s]he died around six hours later."   *Id.*

The Court finds that Petitioner has failed to show that the state court did not follow clearly established federal law regarding the admission of the out-of-court statements in regard to the Confrontation Clause and the dying declaration exception to the hearsay rule.   As the New

Mexico Supreme Court found, the statements did not violate Petitioner's right to confrontation pursuant to the United States Supreme Court decision in *Bryant* because they were nontestimonial based on the fact that Ms. Smith told Deputy Marble that Petitioner was headed to the school to shoot their children, which constituted an ongoing emergency in the case, and based on the severe injuries Ms. Smith had suffered when she made the statements.   *See id.* at 12-13.   With regard to whether Ms. Smith's statements were inadmissible hearsay, Petitioner points to no clearly established federal law that would preclude their admission under the State's dying declaration exception to the hearsay rule, as the New Mexico Supreme Court found was proper, and the Court is unaware of any such federal law.   *See, e.g., Giles v. California*, 554 U.S. 353, 358 (2008) (recognizing dying declarations as one of "two forms of testimonial statements . . . admitted at common law even though they were unconfronted"), and *Crawford v. Washington*, 541 U.S. 36, 56, n.6 (2004) ("The existence of th[is] exception [dying declaration] as a general rule of criminal hearsay law cannot be disputed. . . . Although many dying declarations may not be testimonial, there is authority for admitting even those that clearly are. . . . We need not decide in this case whether the Sixth Amendment incorporates an exception for testimonial dying declarations.   If this exception must be accepted on historical grounds, it is *sui generis*.").   Therefore, the Court finds that the state court's decisions on these issues were not contrary to clearly established federal law, as established by the United States Supreme Court, and did not involve an unreasonable application of such law.   *See* 28 U.S.C. § 2254(d)(1).   Nor is there any indication in the record that the state court decisions on these issues were based on an unreasonable determination of the facts, given the evidence presented in the state court proceeding.   *See* 28 U.S.C. § 2254(d)(2). The Court, therefore, recommends that these claims be denied.

### F.  Sufficiency of the Evidence (Ground Seven)

Finally, Petitioner contends that the evidence presented to the jury was insufficient to convict him of first-degree murder because it does not demonstrate deliberate intent.  [*Doc. 1* at 16] and [*Doc. 2* at 43-45].  Evidence of guilt is sufficient if, when viewed "in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Parker v. Matthews*, 132 S.Ct. 2148, 2152 (2012) (citation and internal quotation marks omitted).  The issue before the Court on review of Petitioner's sufficiency of the evidence claim is whether the New Mexico Supreme Court "reasonably decided that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Torres v. Lytle*, 461 F.3d 1303, 1313 (10th Cir. 2006) (citation and internal quotation marks omitted).  This standard of review, based on an evaluation of what a reasonable jurist could have decided about a reasonable juror, is described by the Tenth Circuit as "deference squared."  *Id.* (citation and internal quotation marks omitted).

Here, the New Mexico Supreme Court found that there was sufficient evidence to support a finding by a reasonable jury that each element of the crime of deliberate, first-degree murder was established beyond a reasonable doubt.  *See* [*Doc. 10-2*, Exhibit K at 15-17].  The New Mexico Supreme Court noted that Ms. Smith's neighbor testified that from his living room window he heard a commotion and witnessed Ms. Smith kneeling on the ground as Petitioner stood over her pointing a rifle at her head; that Ms. Smith attempted to push the rifle away twice and Petitioner repositioned the rifle at her face both times after she pushed it away;, that Ms. Smith was pleading with Petitioner; and that Petitioner fired four close-range shots directly at Ms. Smith.  *Id.* at 17. The New Mexico Supreme Court further noted that the State's medical investigator testified that

the autopsy revealed five wounds on Ms. Smith's body -- four that were penetrating and one that was a graze wound from one of the bullets before it entered her body. *Id.* Finally, the New Mexico Supreme Court noted that the owner of the Frontier Trading Post in Milan, who interacted with Petitioner within an hour after Petitioner had left Ms. Smith, testified that Petitioner "was rather loud and obnoxious," but did not appear to be intoxicated, and that Petitioner made a telephone call from the Frontier Trading Post during which he said that he would not be in to work for a week. The woman that Petitioner called testified that Petitioner called her stating that he needed a week's vacation and that he was in a "heap of trouble." *Id.* (internal quotation marks omitted). The Court finds that the New Mexico Supreme Court reasonably decided that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt and, therefore, the Court recommends that this claim should be denied.

## VI.   Conclusion

For the foregoing reasons, the Court finds that habeas relief is not warranted on Petitioner's claims because he has failed to establish that the adjudication of his claims in the state court proceedings resulted in decisions that were contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the decisions were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See* 28 U.S.C. §§ 2254(d)(1)-(2). Therefore, the Court recommends that Petitioner's 28 U.S.C. § 2254 habeas corpus petition be denied, and that this case be dismissed with prejudice.

## RECOMMENDED DISPOSITION

For the foregoing reasons, the undersigned recommends that the claims in Petitioner's 28 U.S.C. § 2254 habeas corpus petition [*Doc. 1*] be **DENIED**, and that this case be **DISMISSED with prejudice**.


**HONORABLE LOURDES A. MARTÍNEZ**
**United States Magistrate Judge**