IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**HARRISON JAMES LARGO,**

      **Petitioner,**

v.                                                                                         **No. CV 13-590 LH/LAM**

**JAMES JANECKA, et al.,**

      **Respondents.**

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Magistrate Judge Lourdes A. Martínez' *Proposed Findings and Recommended Disposition (Doc. 13)*, filed on January 6, 2014. On January 30, 2014, Petitioner filed objections to the PF&RD [*Doc. 16*], and, on February 13, 2014, Respondents filed a response to Petitioner's objections [*Doc. 18*]. The Court has conducted a *de novo* review of those portions of the PF&RD to which Petitioner objects and finds that his objections are without merit. Accordingly, the Court will: (1) overrule Petitioner's objections as meritless; (2) adopt the *Proposed Findings and Recommended Disposition (Doc. 13)*; (3) deny the claims raised in Petitioner's § 2254 habeas corpus petition [*Doc. 1*]; and (4) dismiss this case with prejudice.

As explained in the PF&RD, Petitioner was found guilty after a jury trial of First Degree Murder and Tampering with Evidence. [*Doc. 13* at 3]. In his § 2254 motion, Petitioner claims that his trial and appellate counsel were ineffective for several reasons, the prosecutors in Petitioner's state case engaged in misconduct, the trial court erred regarding the inclusion of a certain person as a member of the jury, certain out-of-court statements should not have been

admitted because they violated Petitioner's right to confront his accuser and were inadmissible hearsay, and the evidence presented to the jury was insufficient to convict Petitioner.  *See id.* at 2-3.  The Magistrate Judge found that Petitioner failed to establish that the adjudication of his claims in the state court proceedings resulted in decisions that were contrary to, or involved an unreasonable application of, clearly established federal law, or that the decisions were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  *Id.* at 21.  Therefore, the Magistrate Judge recommended that Petitioner's § 2254 petition be denied and this case be dismissed with prejudice.

In his objections, Petitioner first asks the Court to "order specific discovery of records and testimony not part of the record on direct appeal, not considered in state habeas corpus proceeding, and which are necessary to a full and fair adjudication of Petitioner's § 2254 habeas petition," or to stay this action while Petitioner "returns to the state court to present new evidence, develop an adequate record, and satisfy the exhaustion requirement of § 2254."  [*Doc. 16* at 2].  Petitioner does not state what evidence he seeks or how this evidence would affect the outcome of his § 2254 petition, other than stating that his ineffective assistance of trial counsel claims "could not be resolved by review of the existing record."  *Id.* at 4.  The Court finds that Petitioner fails to make an adequate showing that he should be allowed to engage in discovery or supplement the record of his case at this late stage of his habeas proceeding.  In addition, the exhaustion of Petitioner's claims is not at issue in this case as the Magistrate Judge found, and the Court agrees, that all of his claims have been exhausted for the reasons set forth by the Magistrate Judge in the ***PF&RD***.  *See* [*Doc. 13* at 6].  The Court, therefore, overrules this objection.

Next, Petitioner contends that the Magistrate Judge's finding regarding his prosecutorial misconduct claim was in error. [*Doc. 16* at 4-5]. The Magistrate Judge found that the prosecutors' statements do not rise to the level of prosecutorial misconduct because, even if they were improper, they do not amount to comments that would have resulted in an unfair trial. [*Doc. 13* at 14]. The Court agrees with the Magistrate Judge's reasoning and findings, and, therefore, overrules this objection. Finally, Petitioner objects to the Magistrate Judge's rejection of his claims that certain out-of-court statements were improperly admitted. [*Doc. 16* at 5]. The Court agrees with the Magistrate Judge's findings that Petitioner failed to show that the state court did not follow clearly established federal law regarding the admission of these statements (*see Doc. 13* at 18-19), and the Court, therefore, overrules this objection as well.

**IT IS THEREFORE ORDERED**, for the reasons stated above, that Petitioner's objections to the PF&RD [*Doc. 16*] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the *Proposed Findings and Recommended Disposition (Doc. 13)* are **ADOPTED** by the Court.

**IT IS FURTHER ORDERED** that this case be **DISMISSED WITH PREJUDICE** and that a final judgment be entered concurrently with this order.

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**